UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**MICHELLE MARIE PHILLIPS**,                    Case No. 6:15-CV-01603-KI

                    Plaintiff,                    OPINION AND ORDER
                                                  ON EAJA FEES

          v.

**COMMISSIONER, Social Security
Administration**,

                    Defendant.

          Katherine L. Eitenmiller
          Brent Wells
          Harder, Wells, Baron & Manning, P.C.
          474 Willamette, Suite 200
          Eugene, OR 97401

                    Attorneys for Plaintiff

          Billy J. Williams
          United States Attorney
          District of Oregon
          Janice E. Hebert
          Assistant United States Attorney
          1000 SW Third Ave., Ste. 600
          Portland, OR 97204

Page 1 - OPINION AND ORDER ON EAJA FEES

Brett E. Eckelberg
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

KING, Judge:

Plaintiff Michelle Marie Phillips brought this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). I reversed the decision of the Commissioner and remanded for further proceedings.

Pending before me is plaintiff's counsel's Motion for Fees Under the Equal Access to Justice Act ("EAJA"). For the following reasons, I grant the motion and award Phillips $9,144.98 in attorney fees and $400 in costs.

## LEGAL STANDARDS

The EAJA provides that the court shall award attorney fees and expenses to a prevailing party in any civil action brought by or against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The test for determining whether the government was substantially justified is whether its position had a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995).

Page 2 - OPINION AND ORDER ON EAJA FEES

The burden is on the government to prove substantial justification. *Flores*, 49 F.3d at 569. In evaluating the government's position, the court must look at both the underlying government conduct and the positions taken by the government during the litigation. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If the underlying agency action was not substantially justified, the court need not consider whether the government's litigation position was substantially justified. *Id.* at 872.

"The government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). However, a finding that the agency decision was not supported by substantial evidence is a "strong indication" that the government's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id.* (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)); *Meier*, 727 F.3d at 872 (same).

## BACKGROUND

I rejected Phillips' arguments that the ALJ should have found fibromyalgia a severe impairment, and that the ALJ erred in her treatment of the opinion of James Morris, M.D. I agreed with Phillips, however, that the ALJ did not account for all of her mental health impairments in the RFC and improperly rejected the opinion of Ryan Scott, Ph.D, a physician hired by the agency who thought Phillips would have difficulty working due to her mental health impairments. I noted Dr. Scott's opinion was supported by the longitudinal record. As a result, substantial evidence supported Dr. Scott's concern that Phillips would miss workdays. The

ALJ's finding that Phillips had the capacity to perform other work in the national economy was premised on her improper rejection of Dr. Scott's opinion. As a result, the ALJ's conclusion was not supported by substantial evidence. Fully crediting Dr. Scott's opinion that Phillips' mental impairments would impact her ability to sustain regular employment, along with the VE testimony that missing one day a month would interfere with employment, meant that a finding of disability on remand was required.

Nevertheless, I did not remand for a total finding of disability. While it was clear to me that Phillips' mental impairments caused her to become disabled at some point prior to her date last insured, it was not apparent that she was entitled to ongoing disability benefits; rather, I thought benefits for a "closed" period of disability was more appropriate. Thus, I found the best course of action was reversal for further development of the record, including a decision as to the beginning and end dates of at least a closed period of disability.

## DISCUSSION

Phillips is the prevailing party in this action. The Commissioner, however, argues that the underlying decision was "substantially justified," as was her position in defense of the underlying decision, findings which would preclude Phillips' request for fees under the EAJA. Accordingly, the question is whether the government met its burden of showing (a) its litigation position and (b) the agency decision were "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The ALJ erroneously assessed some of the medical evidence, disregarding it for reasons that were not specific and legitimate. Specifically, the record overwhelmingly supported Dr. Scott's conclusion that Phillips had difficulty attending school and work due to depression, the ALJ did not explain how performing well on testing was related to attendance, and the ALJ based

Page 4 - OPINION AND ORDER ON EAJA FEES

her decision in part on the fact that Dr. Scott saw Phillips on one occasion when she relied on two consulting physicians who had not met Phillips at all. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (the opinion of a nonexamining physician is entitled to less weight than that of an examining physician). Properly crediting Dr. Scott's opinion meant that Phillips was entitled to a finding of disability for at least a closed period of time.

While my decision finding the ALJ erred is not alone sufficient to demonstrate an absence of substantial justification, *Kali*, 854 F.2d at 334, this is not the "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (9th Cir. 2005) (quotation omitted).

Since the government's underlying position was not substantially justified, I need not discuss the validity of the government's litigation position. *Meier*, 727 F.3d at 872-73.

In sum, I find the Commissioner has failed to meet her burden in showing the ALJ's decision was substantially justified, and I conclude this is not the unusual case warranting a denial of EAJA fees.

## CONCLUSION

For the foregoing reasons, I grant Phillips' Motion for Fees Under the Equal Access to Justice Act [22] in the amount of $9,144.98 in attorney fees and $400 in costs. Payment of the award shall be via check made payable to Phillips and mailed to Harder, Wells, Baron & Manning P.C., 474 Willamette Street, Eugene Oregon 97401. Pursuant to *Astrue v. Ratliff*, the award shall be made payable to Phillips' attorney if the Commissioner confirms that Phillips

owes no debt to the government through the Federal Treasury Offset program.  There are no expenses to be paid herein.


       IT IS SO ORDERED.

       DATED this  _27th_  day of March, 2017.

                     ____/s/ Garr M. King_____
                     Garr M. King
                     United States District Judge